**MISCELLANEOUS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2016 NOV 10 P 4: 13

WILLIAM W. BLEVINS
CLERK

IN RE: * MISCELLANEOUS. NO.: 16-16302

NON-JUDICIAL CIVIL FORFEITURE
PROCEEDING * SECTION:

SECT. B MAG. 5

\* \* \* \* \* \* \* \* \* \* \* \*

### UNOPPOSED MOTION TO EXTEND TIME TO FILE COMPLAINT FOR FORFEITURE AND/OR TO OBTAIN INDICTMENT ALLEGING FORFEITURE

**NOW INTO COURT** comes the United States of America, by and through the undersigned Assistant United States Attorney, regarding the following assets seized for forfeiture (hereinafter referred to as "the property"), to move the Court by agreement of the parties to extend the deadline by which the United States is required to file a Complaint for Forfeiture and/or to obtain an Indictment alleging forfeiture, until January 31, 2017:

> 2008 Hummer H2, bearing Vehicle Identification Number: 5GRGN22848H107062;
>
> 2012 Can-Am Spyder SE5, bearing Vehicle Identification Number: 2BXJADA16CV000585;
>
> 2012 Can-Am Spyder SE5, bearing Vehicle Identification Number: 2BXJADA15CV000223.

The United States represents to the Court as follows:

1. All of the written notices of intent to forfeit required by 18 U.S.C. § 983(a)(1)(A) to be sent by the Drug Enforcement Administration (DEA) to interested parties has been sent.

2. The time has expired for any other person to file a claim to the property pursuant to 18 U.S.C. § 983(a)(2)(A)-(E).

Fee _____
Process _____
x Dktd _____
CtRmDep _____
Doc. No. _____

3. No person, other than claimants EDWARD BARTON and NATALIE BARTON, has filed a claim to the property as required by law in the non-judicial civil forfeiture proceeding.

## MEMORANDUM

18 U.S.C. § 983(a)(3)(A)-(C) state:

> (A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.
>
> (B) If the Government does not
>
> (i) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or
>
> (ii) before the time for filing a complaint has expired -
>
> (I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and
>
> (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,
>
> the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.
>
> (C) In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to

continued possession of the property shall be governed by the applicable criminal forfeiture statute.

On June 21, 2016, the DEA seized the property for administrative forfeiture.

On August 26, 2016, claimants EDWARD BARTON and NATALIE BARTON filed claims to the property with the DEA in the non-judicial civil forfeiture proceeding against the property.

Pursuant to 19 U.S.C. § 1608 and § 1610, upon the filing of such claims, the seizing agency transmitted the claims to the United States Attorney for the purpose of initiating a judicial forfeiture action against the property.

Pursuant to 18 U.S.C. § 983(a)(3)(A)-(C), unless the time is extended by the Court for good cause or upon agreement of the parties, the United States is required to file a Complaint for Forfeiture against the property and/or to obtain an Indictment alleging that the property is subject to forfeiture no later than November 23, 2016. If the United States fails to do so, it is required to release the property and may not take any further action to effect the civil forfeiture of the property in connection with the underlying offense.

The undersigned attorney for the government has conferred with counsel for claimants, who have advised that claimants do not oppose this motion and agree to the government's request for extension of time for purposes of 18 U.S.C. § 983(a)(3)(A).

## **CONCLUSION**

In the instant matter, the United States and the claimants, through their counsel, are in agreement that the applicable deadline should be extended from November 23, 2016 to January 31, 2017. Based upon this agreement, the United States respectfully requests, pursuant to

18 U.S.C. § 983(a)(3)(A), that the Court extend the period in which the United States is required to file a Complaint for Forfeiture against the property and/or to obtain an Indictment alleging that the property is subject to forfeiture until January 31, 2017.

**WHEREFORE**, the United States prays that this unopposed motion be granted, and that the deadline to initiate civil or criminal judicial forfeiture as to the subject property be extended from November 23, 2016 to January 31, 2017.

Respectfully submitted,

KENNETH ALLEN POLITE
UNITED STATES ATTORNEY

_/s/ Michael P. Redmann_
MICHAEL B. REDMANN        (31929)
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, LA    70130
Telephone: (504) 680-3065
Michael.Redmann@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the Clerk of Court and that a copy was served upon counsel for claimants by personal mail, on November 10, 2016.

_/s/ Michael B. Redmann_
MICHAEL B. REDMANN    (31929)
Assistant United States Attorney